## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>   v.<br><br>EVELYN ARROYO QUIÑONES,<br><br>  Defendant. | CRIMINAL No. 19-309 (ADC) |

## REPORT AND RECOMMENDATION

### I. Procedural Background

Pending before the court is a motion to suppress by Evelyn Arroyo Quiñones ("Defendant"). ECF No. 35. On May 17, 2019, Defendant was indicted for one count of possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A); one count of a convicted felon being in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1); and four counts related to possession with intent to distribute cocaine base, cocaine, heroin, and marijuana in violation of Title 21, United States Code, Section 841(a)(1). ECF No. 6. On October 4, 2019, Defendant filed the motion pending before the court seeking to suppress all evidence seized from Defendant's cellphone. ECF No. 35, at 8. The United States of America ("the Government") subsequently filed a response in opposition. ECF No. 52.

### II. Factual Background

Defendant has argued that the search warrant for the contents of her cellphone was not supported by probable cause. ECF No. 35, at 5, 7. The Government has not challenged the

material facts contained in Defendant's motion to suppress, so the court will take them as true.[1] Judicial notice is taken of the search warrant for the contents of the cellphone and the affidavit in support of the search warrant as they are documents of the court and Defendant is not challenging their authenticity or accuracy. It follows that there are no material facts in controversy for purposes of this motion.[2]

On May 17, 2019, Puerto Rico Police Department ("PRPD") agents assigned to the Yauco Narcotics Division executed a state search warrant at a residence in Peñuelas, Puerto Rico. ECF No. 35, at 3. The agents arrived at the residence to be searched and announced their presence as law enforcement. Id. at 4. Defendant was observed by the agents at the front door of the residence. Id. After handcuffing Defendant, the agents searched the residence and seized a firearm, ammunition and magazines, cocaine, marijuana, heroin, and paraphernalia from the residence. Id. Defendant was arrested and taken to the police station where her cellphone was seized from her right back pocket by the police. Id. at 5.

A criminal complaint was filed on May 18, 2019 against Defendant and she was taken into federal custody. ECF No. 1. On May 20, 2019, a magistrate judge authorized a search of the cellphone seized from Defendant. ECF No. 52-1. The search warrant was supported by an affidavit from an ATF agent. ECF No. 52-2. Agents subsequently searched the cellphone and recovered electronically stored information inside the cellphone. ECF No. 35, at 5.

---

[1] The Government challenges Defendant's characterization of the residence as an "abandoned house." ECF No. 52, at 10-11. However, this fact is not material for purposes of the motion to suppress because it is uncontested that the cellphone at issue was in the Defendant's person when it was seized. The pending motion to suppress is not seeking to exclude any evidence found in the house.

[2] As there are no material facts in controversy, there is no need for an evidentiary hearing. An evidentiary hearing is required only if the moving party "makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Jiménez, 419 F.3d 34, 42 (1st Cir. 2005) (citations omitted).

### III. Legal Analysis

Defendant is not challenging the search of the house nor any items found in the residence; instead, she is only seeking to suppress evidence obtained from the cellphone which was seized incident to her arrest and searched pursuant to a search warrant. ECF No. 35, at 5. Defendant specifically challenges "the sufficiency of the probable cause to issue a search warrant for her cellphone."[3] Id. The Government, on the other hand, argues that the affidavit "alleges sufficient facts to establish probable cause that Defendant was in possession (or at least connected to) distribution amounts of four controlled substances and a firearm while being a prohibited person." ECF No. 52, at 8. The Government also raises a standing argument challenging Defendant's reasonable expectation of privacy over the cellphone. Id. at 4. Lastly, even if the search warrant was not supported by probable cause, the Government contends that suppression would remain unwarranted pursuant to the good faith exception. Id. at 12-13.

**A. Standing**

The Government challenges Defendant's standing for the motion to suppress. ECF No. 52, at 4. "The Fourth Amendment's protection against unreasonable searches and seizures extends only to those places and interests in which the defendant has a reasonable expectation of privacy." United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir. 1994) (citations omitted). As a threshold matter, Defendant must establish a reasonable expectation of privacy with respect to the area searched or items seized before the court can reach the merits of a suppression challenge. See United States v. Lipscomb, 539 F.3d 32, 35-36 (1st Cir. 2008).

---

[3] Defendant is not making a Franks challenge. A Franks challenge occurs when a defendant asserts that the affiant included a false statement in the search warrant affidavit that was either deliberately false, or made with reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978). In the case at bar, Defendant is not challenging the accuracy or truthfulness of the affidavit.

Defendant has standing for this suppression motion. The Government argues that "in support of a motion to suppress, a defendant must personally swear out an affidavit in which he or she asserts that he has a legitimate expectation of privacy over the property searched and seized." ECF No. 52, at 4 (citing Lewis, 40 F.3d at 1333.). In Lewis, police observed the defendants bend down and place objects underneath a vehicle in a parking lot. 40 F.3d at 1331. After arresting the defendants, the police searched the parking lot where the defendants had placed the objects and discovered two firearms and crack cocaine. Id. The defendants argued in a motion to suppress that the contraband the police confiscated should have been excluded as fruit of an unlawful, warrantless search. Id. at 1332. The First Circuit held that the defendants did not have standing to suppress the firearms and drugs because they failed to assert any privacy interest in the seized items in support of their motion to suppress. Id. ("[The defendants] were required to allege facts that indicated that the police officer's discovery of the guns and cocaine violated the Fourth Amendment.").

In the case at bar, unlike the defendants in Lewis who did not assert a privacy interest in the seized items, Defendant has explicitly asserted a privacy interest in the cellphone by alleging facts in the motion to suppress that agents seized "her cellphone" from "her right back pocket" at the police station. ECF No. 35, at 5. The Government concedes that the cellphone was seized "from her pockets" at the police station. ECF No. 52, at 2. Because Defendant has a reasonable expectation of privacy in the information stored inside her cellphone, she has standing for the motion to suppress. See Riley v. California, 573 U.S. 373, 403 (2014) (holding that the information inside cellphones are protected by the Fourth Amendment).

**B. Probable Cause Supporting the Search Warrant of the Cellphone**

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed—the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched—the so-called 'nexus' element." United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999). "Under the 'probable cause' standard, the 'totality of the circumstances' disclosed in the supporting affidavits must demonstrate 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Zayas-Diaz, 95 F.3d 105, 110-11 (1st Cir. 1996) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). The reviewing court should "examine the affidavit in a practical, common-sense fashion and accord considerable deference to reasonable inferences the [issuing judicial officer] may have drawn from the attested facts." United States v. Beckett, 321 F.3d 26, 31 (1st Cir. 2003).

Defendant claims that that the affidavit does not allege sufficient facts to establish probable cause to issue a search warrant for her cellphone because "there was no nexus of [Defendant's] cellphone to any crime or to the illegal contraband found inside the property searched." ECF No. 35, at 6. The Government argues that the affidavit included sufficient facts to establish probable cause because PRPD agents observed Defendant at the door of the residence when they arrived at the residence to be searched; a firearm and controlled substances were found in the residence; Defendant was prohibited from possessing firearms because of her previous felony conviction; and according to the affiant's experience,

> individuals who illegally possess drugs, firearms and ammunition utilize cellular phones to coordinate the acquisition of such firearms from others. These individuals commonly use the additional capabilities of their cellular phones, such as cameras, videos, "address books," text messages, emails and calendars to store information in connection with their illegal acquisition and possession of firearms and ammunition. Such information commonly includes photos and videos of firearms, as well as text messages to associates making reference to the illegal acquisition of firearms.

ECF Nos. 52, at 7; 52-2, at 6.

From the outset, it is clear that the analysis must be circumscribed to the information contained in the affidavit submitted in support of the search warrant application, an affidavit that the court can take judicial notice of because it was issued by a judicial officer of this court. If the government has evidence that goes beyond the four corners of the affidavit, the same is irrelevant because at the time that the search warrant for the cellphone was issued, the magistrate judge relied only on what is contained in the affidavit. Had additional evidence been taken into account for purposes of issuing the search warrant, the same would have had to be placed on the record.

In the case at bar, the search warrant was not supported by probable cause because the affidavit included insufficient facts to satisfy the nexus element connecting Defendant's cellphone to the items seized inside the residence. See Feliz, 182 F.3d at 86. In the affidavit, the affiant alleged that "PRPD Agents arrived at the residence to be searched and announced their presence as law enforcement. PRPD Agents observed an individual later identified as [Defendant] at the front door of the residence. After the [Defendant] was in a secure location, Agents conducted the search [of the residence]." ECF No. 52-2, at 4. The affidavit does not clarify whether the door was open or closed. The affidavit also does not disclose whether Defendant lives at, stays at, rents, or owns the residence. Nor does it say whether the Defendant was ever seen entering to or exiting from the inside of the house. The court is left to speculate Defendant's connection to the residence based on the facts in the affidavit. If the court was to find probable cause based on these facts, probable cause would exist to search the cellphone of any person who happened to be "at the front door" of any residence with illegal contraband inside, regardless, for example, of whether this is a guest or a mail delivery person who is knocking at the door for the first time without knowledge of what is inside the house. The mere

allegation of physical proximity of Defendant at the front door of the residence is insufficient to establish a nexus between Defendant's cellphone seized from her person and the items found within the residence. The affidavit lacked sufficient facts to establish probable cause for the issuance of a search warrant for the contents of the cellphone. See Feliz, 182 F.3d at 86.

However, even assuming arguendo that mere physical proximity is sufficient to establish probable cause, the search warrant is still deficient for another reason. The affidavit stated that there was probable cause to believe that the cellphone would contain electronically stored evidence related to the following offenses: (1) convicted felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1); (2) possession of a firearm in furtherance of drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A); and (3) possession of controlled substances with intent to distribute in violation of Title 21, United States Code, Section 841(a). ECF No. 52-2, at 11. This conclusion was supported according to the affiant's experience that

> individuals who illegally possess drugs, firearms and ammunition utilize cellular phones to coordinate the acquisition of such *firearms* from others. These individuals commonly use the additional capabilities of their cellular phones, such as cameras, videos, "address books," text messages, emails and calendars to store information in connection with their illegal acquisition and possession of *firearms and ammunition*. Such information commonly includes photos and videos of *firearms*, as well as text messages to associates making reference to the illegal acquisition of *firearms*.

ECF No. 52-2, at 6 (emphasis added). While the affidavit explains that cellphones possessed by individuals who illegally possess drugs and firearms may be commonly used to store information related to firearms, it is silent regarding whether based on the affiant's experience the cellphone would possess information related to drug trafficking or controlled substances. Therefore, there was an insufficient basis to conclude that a search of the cellphone would reveal electronically stored evidence related to violations of drug trafficking or controlled substances offenses. Thus,

7

even assuming arguendo that there was probable cause for the search of the cellphone, the search could only be related to evidence pertaining to a violation of Title 18, United States Code, Section 922(g)(1). Thus, the search warrant under this latter scenario would still be overbroad.

    **C. The Good Faith Exception**

The Government claims that even if the search warrant for the cellphone "fell short of the probable cause standard," the good faith exception eliminates the need to suppress the evidence. ECF No. 52, at 12-13. "The usual remedy for seizures made without probable cause is to exclude the evidence wrongfully seized in order to deter future violations of the Fourth Amendment." United States v. Brunette, 256 F.3d 14, 19 (1st Cir. 2001). However, the exclusionary rule does not apply under the good faith exception "where an objectively reasonable law enforcement officer relied in good faith on a defective warrant because suppression in that instance would serve no deterrent purpose." Id. "Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law, and penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." United States v. Leon, 468 U.S. 897, 921 (1984).

The good faith exception does not apply where an officer's reliance on a warrant was "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' or a warrant that is 'so facially deficient—i.e. in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.'" United States v. Woodbury, 511 F.3d 93, 99 (1st Cir. 2007) (quoting United States v. Owens, 167 F.3d 739, 745 (1st Cir. 1999)).

In the case at bar, although there were defects in the warrant application, the facts suggest that the agents acted in good faith reliance on the search warrant for the cellphone issued by a

magistrate judge. The search warrant was not facially deficient as it identified Defendant's cellphone as the item to be searched. See ECF No. 52-1; Woodbury, 511 F.3d at 99. Furthermore, the search warrant of the cellphone was not so lacking in indicia of probable cause as to be unreasonable because it was for electronically stored evidence related to violations of firearms, drug trafficking, and controlled substances offenses following the execution of a state search warrant where police seized firearms and controlled substances from the residence. See ECF 52-2, at 4-5, 11; Woodbury, 511 F.3d at 99. Defendant is not alleging that the agent was untruthful in the affidavit or that the magistrate judge abandoned his neutral and detached role. Thus, the evidence obtained from the cellphone pursuant to the search warrant should not be suppressed under the good faith exception.

## IV. Conclusion

For the foregoing reasons, it is hereby recommended that the pending motion to suppress (ECF No. 35) be DENIED. The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED

In San Juan, Puerto Rico, this 9th day of December, 2019.

s/Marcos E. López<br>
U.S. Magistrate Judge