# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

    **Plaintiff,**

    v.

**EVELYN ARROYO-QUINONES,**

    **Defendant.**

**Crim. No. 19-309 (ADC)**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Background**

On May 22, 2019, the grand jury issued a six count indictment against Evelyn Arroyo-Quinones ("defendant"), accusing her of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A) (Count One), convicted felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1) (Count Two), and possession with intent to distribute cocaine base, cocaine, heroine and marihuana in violation of 18 U.S.C. § 841 (a)(1)(Counts Three-Six). **ECF No. 6**.

On October 4, 2019, defendant filed a motion to suppress all evidence obtained from the cellphone seized upon her arrest, alleging the affidavits in support of the search and seizure warrant failed to show probable cause and violated her Fourth Amendment rights. **ECF No. 35**. Defendant further requested a hearing regarding this matter. Id. On October 28, 2019, the government opposed. **ECF No. 52**.

On December 9, 2019, Magistrate Judge Marcos E. López entered his Report and Recommendation. **ECF No. 53**. While the Magistrate Judge found certain shortcomings in the search warrant's statement in support of probable cause, he recommended that the court deny defendant's motion under the good faith exception. *Id.* Specifically, Magistrate Judge López concluded that albeit "there were defects in the warrant application, the facts suggest that the agents acted in good faith reliance on the search warrant for the cellphone issued by a magistrate judge…[and t]he search warrant was not facially deficient as it identified Defendant's cellphone as the item to be searched." *Id*. at 8-9.

The parties did not file any objections to the Report and Recommendation.

## II.     Review of a Magistrate Judge's Report and Recommendation

The District Court may refer pending criminal motions to a Magistrate Judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(A); Fed.R.Crim.P 59(b)(1). An adversely affected party may file written objections to the report and recommendation within fourteen days after served with the same. 28 U.S.C. §636(b)(1)(C). "Absent objection by [the adversely affected party], [a] district court ha[s] a right to assume that [the affected party] agrees to the magistrate's recommendation." *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 25 (1st Cir. 2017) (citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985)). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998). Accordingly, absent a proper objection, the

court need only satisfy itself that there in no plain error in the Magistrate Judge's findings in order to adopt the same and accept an unopposed report and recommendation. *López-Mulero v. Vélez-Colón*, 490 F.Supp. 2d 214, 217-218 (D.P.R. 2007) (citing *Templeman*, 770 F.2d at 247). In the instant case, the government raised no objections to Magistrate Judge López' Report and Recommendation; consequently, the court reviews the same for plain error only.

As Magistrate Judge López correctly points out, the exclusionary rule is not applicable here where the agents acted in good faith, executing a facially valid search warrant which identified defendant's cellphone as one of the items to be seized. Especially considering that the warrant authorized the seizure of electronically stored evidence related to violations of firearms and drug trafficking, and the seizure of the cellphone followed the execution of a search warrant where police seized firearms and controlled substances from the residence. *See* **ECF No. 53** at 8-9.

### III. Conclusion

For the reasons stated above, the Court hereby **ADOPTS** Magistrate Judge López' Report and Recommendation (**ECF No. 53**) and **DENIES** defendant's motion to suppress (**ECF No. 35**).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of February, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
